# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CURTIS HANNA,**

               **Plaintiff,**

**-vs-**                                              Case No. 6:11-cv-1837-Orl-22DAB

**CFL PIZZA, LLC,**

               **Defendant.**

_____/

## REPORT AND RECOMMENDATION AND ORDER

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Doc. No. 6)** |
| **FILED:** | November 23, 2011 |
| **THEREON** it is **RECOMMENDED** that ruling on the motion be **DEFERRED** to the state court to be decided on remand. | |
| **MOTION:** | **MOTION TO REMAND (Doc. No. 14)** |
| **FILED:** | December 13, 2011 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |
| **MOTION:** | **MOTION FOR LEAVE TO FILE A REPLY BRIEF (Doc. No. 20)** |
| **FILED:** | January 17, 2012 |
| **THEREON** it is **ORDERED** that the motion is **DENIED** as moot. | |

Plaintiff Curtis Hanna brings claims[1] against CFL Pizza, LLC, which operates a Pizza Hut location in Cocoa Beach – where Plaintiff works as a delivery driver – and 90 other franchises in Florida. Doc. 2. Defendant removed the case to federal court on November 17, 2011. Doc. 1. Plaintiff has timely moved to have the case remanded to the state court. Because the Court finds that it lacks federal subject matter jurisdiction, it is respectfully **RECOMMENDED** that the case be remanded to the state court from which it was removed[2].

*Procedural Background*

Plaintiff filed suit against CFL Pizza on October 25, 2011 in the Eighteenth Judicial Circuit in and for Brevard County, Florida. Doc. No. 2. On October 28, 2011, CFL Pizza was served with the Complaint and removed the case to this Court on November 17, 2011, alleging subject matter jurisdiction on the basis of federal Fair Labor Standards Act claims, arguing that Plaintiff's claim for unpaid wages "is created by federal law (namely, the Fair Labor Standard Act) and/or a substantial, disputed question of federal law (namely, under the Fair Labor Standard Act) is a necessary element of such claim." *See* Doc. No. 1 ¶ 2. Plaintiff timely filed his Motion to Remand (Doc. 14) on December 13, 2011, arguing that Plaintiff's claims are under Florida law only, and there is no subject matter jurisdiction in this federal court.

*Standard of Review for Removal and Remand*

The party removing a case to federal court has the burden of proving that federal jurisdiction exists. On its face, the Complaint states no federal cause of action, nor alleges a proper basis for federal court jurisdiction. Under § 1331, the Court has jurisdiction over claims arising under the

---

[1] Plaintiff styled his claims as brought "individually and on behalf of others similarly situated," but he has not yet sought leave to proceed in a class action pursuant to Florida Rules of Civil Procedure Rule 1.220, although a class action was stated in the Complaint. *See* Doc. 2 ¶ 44.

[2] To the extent Plaintiff, in the Motion for Remand, discusses or opposes issues Defendant raised in the Motion to Dismiss, the Court does not address these given the recommendation that ruling on the Motion to Dismiss be deferred to the state court. The most significant issue for disposition is whether Plaintiff states a claim under the Florida Minimum Wage Act on the under-reimbursement theory.

Constitution, laws, or treaties of the United States, which would include federal minimum wage regulations. 28 U.S.C. § 1331. A case "arises under" federal law for 28 U.S.C. § 1331 purposes only when a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief depends on resolution of a substantial question of federal law. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "The determination of whether federal question jurisdiction exists must be made on the face of the plaintiff's well-pleaded complaint; an anticipated or even inevitable federal defense generally will not support removal based upon federal question jurisdiction." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93 (1987)). "Since the plaintiff is 'the master of the complaint,' the well-pleaded-complaint rule enables him, 'by eschewing claims based on federal law . . . to have the cause heard in state court.'" *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 831 (2002) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987)).

Parties cannot consent to federal subject matter jurisdiction; it is a question of law for the Court to decide. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1318 (11th Cir. 2001) (Eleventh Circuit raised *sua sponte* issue of whether the case involved a sufficient amount in controversy despite parties' stipulation that court had jurisdiction). Where subject matter jurisdiction is properly challenged, the party asserting jurisdiction bears the burden of proof. *Jackson v. United States*, Case No.6:05-cv-1643-Orl-19KRS, 2006 WL 4863066, *3 (M.D. Fla. 2006) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004)). In this case, the burden is on Defendant CFL Pizza, as the party who removed the case, to demonstrate that federal question jurisdiction exists over Plaintiff's claims asserted under the Florida Minimum Wage Act.

*Application*

Plaintiff argues that the case must be remanded because there is no subject matter jurisdiction in this federal court. In Count I, Plaintiff alleges a claim for violation of the Florida Minimum Wage Act, Fla. Stat. § 448.110 et seq., because Defendant allegedly pays "delivery drivers an hourly wage equal to or very near the minimum wage and then under-reimburses [the] delivery drivers for vehicular wear and tear, gas and other driving-related expenses . . . ensuring that [they] are effectively paid well below the minimum wage." Doc. No. 2 ¶¶ 4, 57. In Count II, Plaintiff seeks a declaratory judgment that CFL Pizza's reimbursement rate for delivery drivers, coupled with their hourly wages, violates the Florida Minimum Wage Act. Doc. No. 2 ¶ 63. Plaintiff alleges that he is reimbursed at 76 cents per delivery, or 15.2 cents per mile on the average delivery of 5 miles, and he approximates his out-of-pocket expenses at 39 cents per mile. Doc. 2 ¶¶ 23, 29. Plaintiff estimates, using the 2008 IRS mileage reimbursement rate, that he is entitled to approximately $17.55 per hour for reimbursement purposes, but he is only reimbursed at a rate of $6.12 per hour[3]. Doc. 2 ¶ 31.

Defendant contends in opposition to the motion to remand and in support of the removal that it removed the case because Plaintiff's claim for unpaid wages is "created by federal law (FLSA) and/or a substantial, disputed question of federal law (under the FLSA) is a necessary element of such claim." Doc. 19. Defendant argues that "because the Florida minimum wage law makes no reference to the reimbursement of business expenses, Plaintiff's claim will necessarily require the evaluation and application of the federal [FLSA]." Doc. 19 at 2. Defendant argues that the substantial federal question doctrine applies in this case, which "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." Doc. 19 (quoting *Grable & Sons Metal Products, Inc.*

---

[3]Plaintiff asserts that during a typical hour, he drives approximately 30 miles and makes 6 deliveries. Doc. 2 ¶ 31.

*v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005)) and *Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) ("[I]f the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, federal question jurisdiction may nevertheless attach to the state-law claim.")).

The Supreme Court in *Grable* established the following test for determining whether a state law claim implicates a "substantial question of federal law" that warrants removal: "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." 545 U.S. at 314. The Supreme Court made clear, however, that merely alleging a "federal issue" does not operate "as a password opening federal courts to any state action embracing a point of federal law." *Id.* Indeed, "few cases" can be "squeezed into the slim category *Grable* exemplifies." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 704 (2006).

*The Florida Minimum Wage Act*

As Judge Presnell explained in *Kwasnik v. Charlee Family Care Services of Cent. Florida, Inc.*, No. 6:08-cv-926-Orl-31KRS, 2009 WL 1607809, *4 (M.D. Fla. 2009), the Florida minimum wage laws and the FLSA are similar, but not identical:

> Article X, section 24 of the Florida Constitution establishes a minimum wage in Florida and grants the Florida legislature authority to establish all appropriate measures for implementation of the amendment. The amendment expressly gives the terms "Employer," "Employee" and "Wage" "the meanings established under the federal Fair Labor Standards Act (FLSA) and its implementing regulations.
>
> Pursuant to the amendment's grant of authority, the Florida legislature enacted the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110. The FMWA provides a higher minimum wage for all hours worked in Florida for "[o]nly those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations." Fla. Stat. § 448.110(3). The FMWA also incorporates the exemptions and restrictions in sections 213 and 214 of the FLSA "as interpreted by applicable federal regulations and implemented by the Secretary of Labor." *Id.* Accordingly, to prevail on a claim for payment of minimum wages under the FMWA, a plaintiff must first establish the same three elements required under the

-5-

> FLSA: that the plaintiff was employed by an employer covered by the FLSA during the time period involved; that the plaintiff was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and that the employer failed to pay the plaintiff the minimum wage and overtime compensation required by law.
>
> The FMWA also differs in significant ways from the FLSA. For example, the FMWA provides for a longer statute of limitations: five years for allegedly willful FMWA violations, Fla. Stat. § 95.11(2)(d); and, four years for any other alleged FMWA violation, Fla. Stat. § 95.11(3)(q). It also incorporates the Florida offer of judgment statute. Fla. Stat. § 448.110(6)(d).

*Id.* (citations omitted). *See Roldan v. Pure Air Solutions, Inc.,* No. 07-22203-Civ, 2009 WL 198911, 4 (S.D. Fla. Jan. 27, 2009) (noting that Florida's minimum wage is guaranteed by the Florida Constitution, Art. 10, § 24, and the Florida Minimum Wage Act, Fla. Stat. § 448.110 provides measures appropriate for its implementation); *see also Demauro v. Limo, Inc.*, No. 8:10-cv-413-T-33AEP, 2010 WL 2471501, *2 (M.D. Fla. June 17, 2010) (highlighting the difference in FLSA and Florida Minimum Wage Act, which contains a pre-suit notice provision).

The Court must first consider whether the state-law claims in Plaintiff's Complaint necessarily raise a federal issue – whether Plaintiff's Florida Minimum Wage Act claims "necessarily raise" the FLSA. While it is true that there are a number of recent cases presently being litigated challenging the application of reimbursement rates to minimum wage requirements under the FLSA, there are a similar number of cases that also involve claims concerning delivery driver reimbursements under *state* minimum wage laws. *See, e.g., Perrin v. Papa John's Intern., Inc.*, No. 4:09-cv-1335-AGF, 2011 WL 4089251, *1 (E.D. Mo. Sept. 14, 2011) (approving a collective action brought by pizza delivery drivers alleging that applying an automobile expense reimbursement methodology which underestimates both the automobile expenses incurred by the delivery drivers and the number of miles they drove violated the FLSA and the wage and hours laws of six states including Florida); *Smith v. Pizza Hut, Inc.,* No. 09-cv-1632-CMA-BNB, 2011 WL 2791331, *1 (D. Colo. July 14, 2011) (denying motion to dismiss delivery driver's claim that it was pizza shop's policy and practice to unreasonably

estimate employees' automotive expenses for reimbursement purposes, which caused him to be paid less than the federal minimum wage; plaintiff had individual standing to assert same claim in violation of Colorado state wage law); *Wass v. NPC Intern., Inc.*, No. 09-2254-JWL, 2011 WL 1118774, \*2 (D. Kan. Mar. 28, 2011) (approving collective and class actions by Pizza Hut delivery drivers alleging that they were paid "at or very near" the applicable federal or state minimum wage and because there was an under-reimbursement gap, overall rate arguably could fall below minimum wage); *Darrow v. WKRP Management, LLC*, No. 09-cv-1613-CMA-BNB, 2011 WL 2174496, \*2 (D. Colo. June 3, 2011) (denying motion to dismiss plaintiff's allegation that Defendants' reimbursement formula did not reasonably approximate plaintiff's vehicle-related expenses, which caused Plaintiff to be paid below the federal and Colorado minimum wage laws).

Defendant argues that Plaintiff's claims under state law are "entirely dependent" on federal law because the Florida Minimum Wage Act makes no mention whatsoever of a requirement to adequately reimburse an employee for business expenses, and the Court will be required to look at federal regulations (29 C.F.R. § 531.35) to decide whether delivery driver reimbursements violate the Florida Minimum Wage Act. Defendant argues that "there is not a single reported case in any Florida state court at any level that addresses Plaintiff's argument that his allegedly under-reimbursed business expenses brought him below the Florida minimum wage." Doc. 19.

To make its case, Defendant relies on two completely inapposite conspiracy/RICO cases[4] and one wage and hour case, *Harper v. Massey Coal Services, Inc.*, No. 2:10-Civ-0894, 2011 WL 322558, \*6 (S.D. W.Va. Feb. 2, 2011), that is distinguishable. Defendant notably fails to discuss several cases very much on point, as cited above and discussed below. *Harper,* in which the district court denied

---

[4] Doc. 19 at 7 (citing *Mitchell v. Bank of America, N.A.*, No. 6:09-cv-2131-Orl-31GJK, 2010 WL 3340486 (M.D. Fla. Aug. 25, 2010) (involving a civil conspiracy claim predicated on a violation of federal law); and *Ayres v. General Motors Corp.*, 234 F.3d 514 (11th Cir. 2000) (finding federal question jurisdiction where plaintiff's state law RICO claim was predicated on defendant's alleged violation of federal mail and wire fraud statutes)).

remand, is distinguishable because the court found the question of federal law was "actually disputed" inasmuch as plaintiffs' state law claims would fail unless they proved that less than eighty percent of the employees were covered by the FLSA as explicitly required in the state wage and hour statute; more importantly, the court also found that determination of FLSA coverage could be "quite complex" based on FLSA's numerous, intricate and frequently-litigated employee exemptions. *Id*.

Notwithstanding the opinion of Defendant's counsel that she is "unaware of a single reported decision analyzing and articulating the proper method or standard by which delivery drivers should be reimbursed for the business use of their automobile so as to satisfy the FLSA" (Doc. 19 at 8), the under-reimbursement issue in this case is not "complex" and is, in fact, not much more than a simple mathematical equation taking into consideration the plaintiff's evidence or estimates of vehicle-related expenses. *See Smith v. Pizza Hut, Inc.,* No. 09-cv-1632-CMA-BNB, 2011 WL 2791331, *1 (D. Colo. July 14, 2011) (holding that the plaintiff could rely on an estimate of 35 cents per mile for his vehicle-related expenses to support his claim that he was paid below minimum wage); *Perrin v. Papa John's Intern., Inc.*, No. 4:09-cv-1335-AGF, 2011 WL 4089251, *1 (E.D. Mo. Sept. 14, 2011) (for class certification purposes, accepting the plaintiff's average mileage per delivery as applied to the maximum reimbursement rate for a result of approximately 23 cents to 30 cents per mile versus actual automobile expenses of at least 40 cents per mile, which resulted in an effective hourly wage of less than the required minimum wage).

Two recent cases from federal district courts remanding state minimum wage claims to state courts are also on point. In *Chandler v. Cheesecake Factory Restaurants, Inc.*, 239 F.R.D. 432 (M.D. N.C. 2006), the district court was faced with a similar set of facts – the plaintiff alleged a wage claim only under the state minimum wage act and made no mention of a claim under the FLSA. The court held that the plaintiff's wage and hour claims did not "arise under" federal law: although they might be exempt from state wage law and ultimately defendant might prevail on its defense under *federal*

tip-pooling regulations, this did not mean that the plaintiff's claim "arose under" federal law. *Id.* at 438. "It merely means that plaintiff's state law claims may be subject to dismissal under the state's laws and that federal law may be a defense to plaintiff's state law claims." *Id.* "In other words, even if defendant has a valid defense to plaintiff's state law claim, which requires reference to federal law, this does not mean that plaintiff's claims 'arise under' the Constitution or the laws of the United States." *Id.* (citing *Lechner v. Arvinmeritor*, No. 1:05CV74, 2005 WL 1920746 (W.D. N.C. July 14, 2005) (holding no federal jurisdiction existed where the federal regulations were not elements of any of the plaintiff's state law claims and proof of the impact of the FLSA regulations would be in the form of a possible defense only).

The case of *Hughes v. Bert Wolfe, Inc.,* No. Civ. 2:09-cv-907, 2009 WL 3327232, *1 (S.D. W.Va. Oct. 13, 2009), is also instructive. In *Hughes*, the plaintiff asserted claims for violation of the state human rights act and the state minimum wage and payment laws. *Id.* The plaintiff sought to recover damages including lost wages and benefits, back pay, and front pay; the employer argued that plaintiff's claims for violation of the state minimum wage law "necessarily implicated" the FLSA and its regulations because the plaintiff had been paid on a commission structure, and the state minimum wage statute was silent as to the treatment of overtime compensation in relation to employees who worked on commissions. The district court reasoned:

> The instant complaint seeks recovery only upon a showing that defendant's conduct was wrong under state law. At no point does the plaintiff reference the FLSA in the complaint. The defendants surmise that the court "will have to look to the [FLSA]" in order to resolve the claim. But they fall short of supporting their contention that the plaintiff's relief "necessarily depends" on the FLSA, or that if it does, the question of federal law involved is "substantial.". . . Indeed, whether the plaintiff is entitled to relief depends on the court's interpretation of West Virginia law. It is settled law in this court that "[f]ederal question jurisdiction cannot exist when the basic issues require interpretations of state statutory . . . provisions." *Anziulewicz v. Bluefield Cmty. Hosp., Inc.*, 531 F.Supp. 49, 53 (S.D.W.Va. 1981); *see also Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 807 (4th Cir.1996) (observing that the mere presence of a federal issue in a state cause of action does not automatically confer jurisdiction).

*Id.* at \*2 (citing *Local 429 Monroe Firefighters Ass'n v. Monroe*, No. Civ 08-882, 2008 WL 2952476 (W.D. La. July 30, 2008) (granting motion to remand even in light of defendant's argument that provisions of a challenged collective bargaining agreement "required application and interpretation" of the FLSA); *Corre v. Steltenkamp*, No. Civ. 06-30-DLB, 2006 WL 2385352 (E.D. Ky. Aug. 16, 2006) (granting motion to remand where plaintiff's state law breach of contract claim for minimum wage and overtime pursuant to a collective bargaining agreement did not implicate a significant federal issue via the FLSA)).

Similarly, in this case, Plaintiff alleges that he is not receiving the minimum wage required by *state* law (which is a different amount than federal law[5]) because he is under-reimbursed for his vehicle expenses, which he argues causes his hourly wage to fall below the amount mandated by the *Florida* Minimum Wage Act, set at $7.31 at the time the Complaint was filed in November 2011. Doc. 2 ¶ 37. Plaintiff argues a point of *state* minimum wage law. Merely because the court might consider the FLSA's reimbursement regulations as persuasive authority, or because the Florida Constitution, Article 10 § 24, "intend[s] that case law, administrative interpretations, and other guiding standards developed under the FLSA" will "guide the construction" of the Florida Minimum Wage Act does not mean that a "substantial federal question" is present in any Florida Minimum Wage Act case in which it a court finds it necessary to consider interpretations of regulations or case law under the FLSA. *See, e.g., Perez v. Palermo Seafood, Inc.*, 548 F.Supp.2d 1340 (S.D. Fla. 2008) (applying the FLSA methodology for calculating the "tip credit" to claims for violation of the Florida Minimum Wage Act). To find otherwise would potentially "federalize" every suit filed under the Florida Minimum Wage Act, merely by the Act's reference to the FLSA. The Court finds that

---

[5]http://www.dol.gov/whd/minwage/america.htm#Florida.

Plaintiff's Florida Minimum Wage Act claims do not raise a substantial federal question that requires they be decided in federal court.

Because there is not a "substantial federal question" at issue, and that is the basis on which Defendant CFL Pizza, LLC removed the case to this Court, the Court lacks subject matter jurisdiction. It is respectfully **RECOMMENDED** that the case be remanded to the Eighteenth Judicial Circuit in and for Brevard County, Florida. It is respectfully **RECOMMENDED** that no fees be awarded given the number of recent cases litigating the same or similar issues with regard to the reimbursements for delivery drivers.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 27, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy